UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| DR. DAVID SHIFRIN, | ) | |
| DR. K. SHEILA SHIFRIN, | ) | |
| THE SHIFRIN GROUP, LLC, | ) | |
| THE D.A.S. GROUP, LLC, | ) | |
| CHICAGO COSMETIC SURGERY | ) | |
| INSTITUTE LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No: 1:20-cv-05932 |
| | ) | |
| v. | ) | Honorable Manish S. Shah |
| | ) | |
| JOHN DOES 1-78, | ) | Magistrate Judge Gabriel A. Fuentes |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR LEAVE
TO CONDUCT LIMITED, EXPEDITED DISCOVERY AND
FOR PRESERVATION OF ELECTRONIC EVIDENCE**

NOW COME the Plaintiffs DR. DAVID SHIFRIN, DR. K. SHEILA SHIFRIN, THE SHIFRIN GROUP, LLC, THE D.A.S. GROUP, LLC, AND CHICAGO COSMETIC SURGERY INSTITUTE LLC (collectively "Plaintiffs"), by and through their attorneys, Mudd Law Offices, and respectfully submit their Motion for Leave to Conduct Limited, Expedited Discovery and For Preservation of Electronic Evidence ("Motion"). In support of their Motion, the Plaintiffs state as follows:

**INTRODUCTION**

The Plaintiffs filed suit against unknown individuals ("Defendants") who published false and defamatory statements about the Plaintiffs' in dozens of one-star reviews on the websites Yelp.com ("Yelp") and Google.com ("Google"). See generally Compl. These reviews were designed to harm the Plaintiffs' personal, professional, and business reputations. Id.

Unfortunately, the Plaintiffs failed to discover the true identity of the Defendants in their pre-suit investigation.[1] Declaration of Charles Lee Mudd Jr. ("Mudd Decl.") ¶¶ 3-4 (attached hereto as Exhibit A). Given the electronic nature of the Defendants' conduct (collectively, the "Wrongful Conduct"), most, if not all, of the evidence that will tend to identify the Defendants exists in electronic form with third parties. Id. ¶ 5. Indeed, third-party sources ("Third-Party Sources") possess information that may lead to the identity of the Defendants. Id. Additionally, information from the Third-Party Sources may give rise to additional sources that may also possess information that could identify the Defendants. Id. That being said, this information will not likely be produced absent a subpoena. Id. ¶ 6. For this reason, the Plaintiffs seek limited, expedited discovery pursuant to Rule 26(d) of the Federal Rules of Civil Procedure ("Rule 26(d)").

Specifically, the Plaintiffs seek limited, expedited discovery for purposes of issuing subpoenas to third parties seeking information that would identify the Defendants. Absent the ability to proceed with expedited discovery, the Plaintiffs will be unable to determine the Defendants' identities. Id. ¶ 7. Moreover, without expedited discovery, the very evidence that could identify the Defendants may be destroyed. Id. ¶ 8. As these reasons constitute sufficient bases for allowing the Plaintiffs to proceed with limited, expedited discovery, the Court should grant Plaintiffs' Motion. See infra.

## FACTUAL BACKGROUND

The Plaintiffs are two award-winning board-certified surgeons, as well as the respective businesses they own and operate in Illinois. Compl. ¶¶ 3-7, 14, 17, 26, 30-32. In early 2020, Dr. David Shifrin performed an elective cosmetic surgery on Patient Jane Doe. Id. ¶ 33. Patient Jane

---

[1] For this reason, the Plaintiffs have identified the Defendants as "John Does 1-78." Compl.

Doe has a large following on the Internet video-sharing platform YouTube.com ("YouTube"). Compl. ¶ 35. Patient Jane Doe expressed dissatisfaction with her elective surgery in a series of YouTube videos ("Patient Jane Doe's Videos"). Id. ¶ 36. Dr. K. Sheila Shifrin was not involved with Patient Jane Doe's elective surgery. Id. ¶ 38.

Following Patient Jane Doe's Videos, hundreds of one-star reviews appeared on the Plaintiffs' Yelp and Google practice listings, many containing false and defamatory statements. Id. ¶¶ 41, 65, 69-70, 72-74, 78-79, 93, 128-129, 162, 195, 219. The reviews contain false and defamatory content that portray the Plaintiffs as surgeons who botch operations and then attempt to bribe or silence their patients with money, and businesses that employ such surgeons. Id.

On October 5, 2020, the Plaintiffs filed their Complaint alleging violations of the Computer Fraud and Abuse Act, defamation *per se*, false light, tortious interference with business relationships, and tortious interference with prospective business relationships. See generally Compl. The Plaintiffs have not been able to ascertain the Defendants' identities. Mudd Decl. ¶ 4. Consequently, the Plaintiffs now move for leave to conduct expedited discovery and for an order compelling third parties to preserve electronic evidence relevant to the Defendants' Wrongful Conduct.

**ARGUMENT**

Given the true identity of the Defendants remains unknown, the Plaintiffs seek limited, expedited discovery pursuant to Rule 26(d) for purposes of identifying the Defendants, serving the Defendants, and proceed with this litigation. Rule 26(d) states "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," unless "authorized under these rules or by order or agreement of the parties." Fed. R. Civ. P. 26(d). Under Rule 26(d), three different standards have been discussed in determining when expedited

discovery is appropriate. The Plaintiff can meet each of these standards. See *infra*. As such, the Court should grant the Plaintiffs' Motion. Id.

### A. Notaro Standard

At least one court in Illinois suggested the applicability of the standard delineated in Notaro v. Koch, 95 F.R.D. 403, 405 (S.D.N.Y. 1982) ("Notaro Standard") for determining when a plaintiff may proceed with expedited discovery. Merrill Lynch, Pierce, Fenner & Smith v. O'Connor, 194 F.R.D. 618, 624 (N.D. Ill. 2000).[2] The Notaro Standard, used in several jurisdictions,[3] identifies the following elements to consider when granting or denying a motion for expedited discovery: (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between expedited discovery and avoidance of the irreparable injury; and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted. Notaro v. Koch, 95 F.R.D. 403, 405 (S.D.N.Y. 1982). As applied to the instant litigation, each of these factors weighs in favor of allowing the Plaintiffs to proceed with expedited discovery.

Absent expedited discovery, the Plaintiffs will suffer irreparable injuries because they

---

[2] In Merrill Lynch, the Court concluded that Notaro would be inappropriate where a plaintiff also brought a motion for preliminary injunction because the elements are nearly identical. Merrill Lynch, 194 F.R.D. at 624. However, in *dicta*, the Court also concluded that Notaro would be useful in cases where a motion for expedited discovery *was not* accompanied by a preliminary injunction, such as in the instant case. Id. However, it should be noted that the court did not actually apply the Notaro factors. And, in fact, it appears that no reported Illinois case has actually applied the Notaro factors for expedited discovery. Given that Notaro was decided in 1982, its applicability should be questioned. Nonetheless, for purposes of thoroughness, the Plaintiff addresses this standard.

[3] Cecere v. County of Nassau, 258 F. Supp. 2d 184, 186 (E.D.N.Y.2003); Centrifugal Acquisition Corp. v. Moon, No. 09-C-327, 2009 U.S. Dist. LEXIS 56170 (E.D. Wis. May 6, 2009); Irish Lesbian & Gay Org. v. Giuliani, 918 F. Supp. 728 (S.D.N.Y. 1996); U.S. Bank Nat'l Ass'n v. Parker, No. 4:09CV1755 HEA, 2010 U.S. Dist. LEXIS 11579 (E.D. Mo. Feb. 10, 2010).

will be unable to identify the Defendants and proceed with his litigation. Mudd Decl. ¶ 7. Also, absent an ability to identify the Defendants and allow the Plaintiffs to pursue their rights, the Defendants might continue to engage in the wrongful conduct. This factor weighs in favor of allowing the Plaintiffs to proceed with expedited discovery. See Notaro, 95 F.R.D. at 405.

Additionally, the expedited discovery sought here relates directly to the avoidance of irreparable injury. By allowing the Plaintiffs to proceed with expedited discovery, the Plaintiffs will be allowed to pursue information that will identify the Defendants and enable the Plaintiffs to properly serve them. The Defendants will then be able to file appearances and defend against the claims alleged in the Complaint. Consequently, expedited discovery shall, hopefully, allow and enable the litigation to proceed. Also, it is clear that the injury to the Plaintiffs absent expedited discovery will be greater than the injury to the Defendants if expedited discovery is allowed. If expedited discovery is not allowed, the Plaintiffs will not have their "day in court" and the litigation will be prematurely terminated because of an inability to identify and serve the Defendants. In essence, by allowing expedited discovery, justice will be served by allowing the Plaintiffs to proceed with, and allowing the Defendants the opportunity to defend against, the claims alleged in the Complaint. These factors weigh in favor of allowing the Plaintiffs to proceed with expedited discovery. See Notaro, 95 F.R.D. at 405.

Finally, the Plaintiffs contend that they possess a probability of success on the merits. For purposes of brevity and given the weight of the other factors, the Plaintiffs will forego an in-depth analysis of each of their claims in this Motion. However, the Plaintiffs properly plead their claims. See generally Compl. Given the allegations in the Complaint and the nature of the statements at issue, the Plaintiffs contend that they possess a probability of success on the merits.

5

This factor weighs in favor of allowing the Plaintiffs to proceed with expedited discovery. See Notaro, 95 F.R.D. at 405.

Based on the foregoing, the Plaintiffs meet the Notaro Standard, see Notaro, 95 F.R.D. at 405, and the Court should grant their motion seeking leave to proceed with expedited discovery. See id.

B.     "Need and Fairness" Standard[4]

Some courts in Illinois adopted what can be described as the "Need and Fairness" Standard.[5] Vance v. Rumsfeld, Case No. 06-c-6964, 2007 U.S. Dist. LEXIS 94061, *16 (N.D. Ill. Dec. 21, 2007)[6] (allowing expedited discovery after weighing the harm potentially caused to the plaintiff against possible prejudice to the defendant and focusing on the "fairness" consideration); Lamar v. Hammel, Case No. 08-02-MJR-CJP, 2008 U.S. Dist. LEXIS 9774, *7-8 (S.D. Ill. Feb. 11, 2008) (citing Vance, 2007 U.S. Dist. LEXIS 94061 at *16) (after remarking that "[t]here is no set test or criteria for deciding whether early discovery is warranted," the Court relied on considerations of need and fairness to determine the appropriateness of expedited discovery).[7]

---

[4] Although some courts appear to treat the "need and fairness" analysis as a distinct standard, the suggested factors of the reasonableness standard seem to encompass the "need and fairness" standard. See Section C, *infra*. Nonetheless, we include a separate analysis of this standard for purposes of thoroughness.

[5] Without stating so, Vance v. Rumsfeld incorporates the general idea of element four from the Notaro Standard. See Vance, 2007 U.S. Dist. LEXIS 94061 at *16.

[6] All Lexis-cited authority is attached hereto as Exhibit B.

[7] In Lamar v. Hammel the court denied the motion saying that the plaintiff's motion was "overly broad and ambiguous" as well as impractical where the plaintiff sought very general information asking for "names of anyone who came in contact with the plaintiff, attendance sheets, work logs and *any and all other documents*." Id. at *8. The court also noted that the plaintiff provided

Here, considerations of "need" and "fairness" weigh in favor of allowing expedited discovery. Clearly, the Plaintiffs need the expedited discovery to determine the identity of the Defendants given that they exhausted all other means of readily identifying the Defendants. Mudd Decl. ¶¶ 3-4, 7. Moreover, if no defendant is named, the Plaintiffs cannot pursue their litigation and seek remedies redressing their injuries. Id. ¶ 7.

Additionally, allowing limited, expedited discovery for the sole purpose of identifying the Defendants is fair. Indeed, the Plaintiffs can show great harm in being unable to identify the Defendants. Specifically, they would be precluded from proceeding with their litigation. Id. Further, they would be required to continue enduring the Defendants' continuing efforts to damage their reputations without any effective means of redress. At the same time, the Defendants can hardly claim prejudice. The Defendants initiated a campaign to destroy the Plaintiffs' reputations by intentionally posting false and defamatory reviews about the Plaintiffs on the Internet. See generally Compl. More importantly, by allowing expedited discovery, this Court will *not* be deciding substantive issues on the merits of Plaintiffs' claims. Rather, the Court will merely be allowing the Plaintiffs to pursue efforts to identify the Defendants such that the parties can have the claims addressed on their merits before the Court. This is fair. For these reasons, the Plaintiffs can meet the "Need and Fairness" Standard. See Vance, 2007 U.S. Dist. LEXIS 94061, at *16.

---

inconsistent factual accounts of the events that caused commencement of the action. The Court concluded that such requests were not practical or fair to the Government. Id.

7

### C. "Reasonableness" Standard

Still other courts within the Seventh Circuit offer an analysis based on "reasonableness" or "good cause,"[8] which appears to be the modern trend. Generally, "the reasonableness standard allows expedited discovery when the need for the expedited discovery outweighs the prejudice to the responding party, based on the 'entirety of the record to date and the reasonableness of the request in light of the surrounding circumstances.'" Edgenet, Inc. v. Home Depot U.S.A., Inc., 259 F.R.D. 385, 386 (E.D. Wis. 2009).

With specific reference to the bases for which the Plaintiffs seek expedited discovery, courts have found good cause for expedited discovery pursuant to Rule 26(d) where the identity of a defendant would not be available *absent expedited discovery*. TCYK, LLC v. Doe, No. 13 C 3845, 2013 U.S. Dist. LEXIS 145722, at *10-11 (N.D. Ill. Oct. 9, 2013); Thermal Solutions, Inc. v. Imura Int'l U.S.A. Inc., Case No. 08-CV-2220-JWL-DJW, 2008 U.S. Dist. LEXIS 49509, at *3-4 (D. Kan. June 26, 2008) (allowing expedited discovery to obtain the current address of individual defendant which will allow defendant to be served and litigation to

---

[8] Many courts have used the terms "Reasonableness" and "Good Cause" interchangeably when describing this standard. See e.g. Sheridan v. Oak Street Mortgage, 244 F.R.D. 520 at 521 ("The 'good cause' or 'reasonableness' standard has been applied by some district courts [. . .] Thus, having considered the entire record to date and the reasonableness of the request in light of the surrounding circumstances, this Court finds that Sheridan has established "good cause" to engage in limited discovery. . ."); see also Edgenet, Inc. v. Home Depot U.S.A., Inc., 259 F.R.D. 385, 386 (E.D. Wis. 2009) ("Courts are split as to whether a party seeking expedited discovery must satisfy a 'good cause' or 'reasonableness' standard or the more stringent standard set forth in Notaro . . ."); Centrifugal Acquisition Corp. v. Moon, No. 09-C-327, 2009 U.S. Dist. LEXIS 56170 at *2 (E.D. Wis. May 6, 2009) (". . . some cases apply a good cause or reasonableness test."); Suzhou Parsun Power Mach. Co. v. Western Imp. Mfg. Distrib. Group, No. 10-C-398, 2010 U.S. Dist. LEXIS 86071 at *2 (E.D. Wis. July 20, 2010) ("[t]he Court may grant a request for expedited discovery for good cause. [. . .] The Court must evaluate the 'entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'") (internal citations omitted); and Share Corp. v. Momar, Inc., No. 10-CV-109, 2010 U.S. Dist. LEXIS 24653, at *5-6 (E.D. Wis. Feb. 26, 2010) (". . . the court's determination on whether expedited discovery is appropriate is guided by a "good cause" or "reasonableness" standard.").

proceed); see also Capitol Records, Inc. v. Doe, Case No. 07-cv-00790-WYD-MEH, 2007 U.S. Dist. LEXIS 32387, at *3 (D. Col. April 30, 2007) (recognizing the plaintiff will be unable to identify the defendant or proceed with litigation absent the information sought).

Indeed, courts have routinely permitted plaintiffs to initiate limited discovery to identify unknown or "Doe" defendants. Maclin v. Paulson, 627 F.2d 83, 87 (7th Cir. 1980); Ervine v. S.B., Case No. 11-cv-1187, 2011 U.S. Dist. LEXIS 24937, *5-6 (N.D. Ill. Mar. 10, 2011); Kimberlite Corp. v. Does, Case No. C08-2147 THE, 2008 U.S. Dist. LEXIS 43071, *8-9 (N.D. Cal. June 2, 2008); Allcare Dental Mgmt., LLC v. Zrinyi, Case No. CV-08-407-S-BLW, 2008 U.S. Dist. LEXIS 84015, *4 (D. Idaho Oct. 20, 2008); Zomba Recording LLC v. Does 1-24, Case No. 3:07-cv-448, 2008 U.S. Dist. LEXIS 1998, *3-4 (E.D. Tenn. Jan. 10, 2008); Warner Bros. Records Inc. v. Does 1-6, 527 F. Supp. 2d 1, 2 (D.D.C. 2007); Arista Records LLC v. Does, Case No. 07-cv-00628-EWN-MEH, 2007 U.S. Dist. LEXIS 25191, *4 (D. Colo. Apr. 4, 2007); Laface Records, LLC v. Does 1-5, Case No. 2:07-cv-187, 2007 U.S. Dist. LEXIS 72225, *8 (W.D. Mich. Sept. 27, 2007); Best Western Int'l v. Doe, Case No. CV-06-1537-PHX-DGC 2006 U.S. Dist. LEXIS 56014, *4 (D. Ariz. July 25, 2006); and, Sony Music Entm't Inc. v. Does 1-40, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004).

Additionally, good cause has also been found where physical evidence may be consumed or destroyed with the passage of time. Bicycle Peddler, LLC v. John Doe 1, No. 13-cv-00671-WJM-KLM, 2013 U.S. Dist. LEXIS 36936, *2 (D. Colo. Mar. 18, 2013); Leone v. Towanda Borough, No. 3:12-0429, 2012 U.S. Dist. LEXIS 47594, *5 (M.D. Pa. Apr. 4, 2012); Arista Records LLC, et al. v. Does 1-19, Case No. 2:07-cv-0971 TS, 2008 U.S. Dist. LEXIS 2393, *2-3 (D. Utah Jan. 11, 2008); see also Interscope Records v. Doe, No. 5:07-4107-RDR, 2007 U.S. Dist LEXIS 73627, *3 (D. Kan. October 1, 2007) (citing Qwest Communs. Int'l Inc. v.

Worldquest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003) and Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd., 204 F.R.D. 675, 676 (D. Colo. 2002)); Warner Bros. Records, Inc. v. Does 1-4, No. 2:07-cv 0424 TC, 2007 U.S. Dist. LEXIS 48829, *3 (D. Utah July 3, 2007).

Here, good cause exists for allowing the Plaintiffs to conduct expedited discovery. The Plaintiffs and their counsel conducted an investigation of the Defendants' conduct and identities. Mudd Decl. ¶ 3. These efforts did not produce any substantial evidence that affirmatively identified the Defendants by their legal names. Id. ¶ 4. Without a subpoena, it is unlikely that third-party sources will produce documents identifying who accessed the respective account hosted by it. Id. ¶ 6. Consequently, the Plaintiffs will not be able to identify the Defendants absent the limited discovery sought. Id. ¶ 7. Without the Defendants' identities, the Plaintiffs cannot serve the Defendants or engage in a discovery conference. In fact, the Plaintiffs will be unable to proceed with his case. Mudd Decl. ¶ 7. Thus, expedited discovery is necessary to identify the anonymous "Doe" Defendants and proceed with litigation. Id. This constitutes good cause for purposes of Rule 26(d) and a "reasonableness standard." See Tcyk, LLC, 2013 U.S. Dist. LEXIS 145722 at *10-11; Maclin, 627 F.2d at 87; Sheridan v. Oak Street Mortgage, 244 F.R.D. 520, 522 (E.D. Wis. 2007).

Additionally, the information that will tend to identify the Defendants most likely exists in electronic records that may be destroyed if not expeditiously obtained and preserved. Mudd Decl. ¶ 8. For, there exists a risk that the relevant electronic evidence in possession of third parties (e.g. the Third-Party Sources and the ISPs identified through discovery obtained from the Third-Party Sources) may be altered, erased, or destroyed. Id. ¶¶ 8-12. As much of the evidence in this action will be electronic in nature, and third parties may at some point, if they have not

already, purge electronic storage of data containing the relevant evidence, the expedited discovery sought by the Plaintiffs is all the more necessary to accommodate the interests of justice by ensuring the preservation of the relevant electronic evidence that could identify the Defendants. Mudd Decl. ¶ 12. This also constitutes good cause for purposes of Rule 26(d) and a "reasonableness standard." See Bicycle Peddler, LLC, 2013 U.S. Dist. LEXIS 36936 at *2; Leone, 2012 U.S. Dist. LEXIS 47594 at *5; Arista Records, 2008 U.S. Dist. LEXIS 2393 at *2-3; Warner Bros. Records, Inc., 2007 U.S. Dist. LEXIS 48829 at *3.

Finally, as to the scope of expedited discovery sought, the Plaintiffs seek discovery limited to that which is necessary to identify the Defendants. Mudd Decl. ¶ 14. Consequently, the Plaintiffs seek to subpoena information from third parties about the identity or identities of individual(s) using the Internet Protocol ("IP") addresses associated with the publishing of reviews casting the Plaintiffs in a false light and interfering in their business relationships. Id. The Plaintiffs also seek leave to issue subpoenas to any third parties identified (either by name or through IP addresses) as having relevant information about the individual(s) using such IP addresses for such conduct (for example, a third party might reveal an IP address; the IP address may be licensed to a particular company; it would then be necessary to subpoena information from the company about the user of the IP address). Id. For each of the foregoing, the information sought will be limited to information that would tend to identify the Defendants including, but not limited to, the associated names, addresses, user logs, IP addresses, telephone numbers, and related information. Id. In sum, the Plaintiff seeks leave to issue discovery to those parties who might have identifying information about the Defendants for purposes of obtaining that *identifying information*. For, the sole purpose for this expedited discovery is to identify the Defendants. Thus, the requested expedited discovery is limited in scope. This factor too weighs

in favor of allowing the Plaintiffs to proceed with expedited discovery. See Ibarra v. City of Chicago, 816 F. Supp. 2d at 554.

Consequently, good cause exists to allow the Plaintiffs to proceed with limited, expedited discovery through the issuance of subpoenas pursuant to Federal Rule of Civil Procedure 45 to any third parties that, based upon a good faith belief, may possess identifying information about the Defendants where the information sought through the subpoena is limited to information that would tend to identify the Defendants including, but not limited to, the associated names, addresses, user logs, IP addresses, telephone numbers, and related information. See *supra*. Therefore, this Court should grant the Plaintiffs' Motion. Id.

### Preservation of Evidence

To protect against the possibility of the Defendants or third parties destroying relevant evidence, this Court should order the third parties upon which the Plaintiffs serve subpoenas to, in addition to complying with the subpoena, (a) preserve any and all responsive information sought by the subpoena until further order of this Court; (b) inform the Plaintiffs that the responsive information has been preserved; and, (c) after preservation has occurred, provide notice to the Defendants about the subpoena. By doing so, this Court will ensure fairness to all.

### CONCLUSION

WHEREFORE, the Plaintiffs respectfully requests that this Court grant its Motion and enter an order providing that:

(1) The Plaintiffs are allowed to proceed with limited, expedited discovery by issuing subpoenas to third parties likely to possess information tending to identify the Defendants for purposes of seeking such information from such third parties;

(2) Any individual or entity subpoenaed shall:

      a. Comply with the subpoena;

      b. Preserve any and all responsive evidence and information sought by the subpoena; and,

      c. Provide notice to the Plaintiffs' counsel that the responsive evidence and information has been preserved; and

(3) Any information disclosed to the Plaintiffs in response to the subpoenas may be used by the Plaintiffs solely for the purpose of protecting the Plaintiffs' rights under the claims enumerated in the Complaint or any future amended complaint in this action.

(4) Any subpoena issued pursuant to this order shall be deemed an appropriate court order under 47 U.S.C. § 551.

Dated:     Chicago, Illinois
            October 28, 2020

PLAINTIFFS
DR. DAVID SHIFRIN,
DR. K. SHEILA SHIFRIN,
THE SHIFRIN GROUP, LLC,
THE D.A.S. GROUP, LLC,
CHICAGO COSMETIC SURGERY INSTITUTE LLC,

/s/ Graham Deurance
By: One of Their Attorneys
Graham Deurance
Mudd Law Offices
411 South Sangamon Street, Suite 1B
Chicago, Illinois 60607
Illinois Bar No.: 6325600
graham@muddlaw.com

## CERTIFICATE OF SERVICE

I, Graham Deurance, do hereby certify that service of this **PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT LIMITED, EXPEDITED DISCOVERY AND FOR PRESERVATION OF ELECTRONIC EVIDENCE** shall be accomplished pursuant to Electronic Case Filing ("ECF") as to ECF Users and shall be sent as indicated to any non-ECF parties listed in the service list below all on the 28th day of October 2020.

/s/ Graham Deurance
Graham Deurance - #6325600
Mudd Law Offices
411 South Sangamon Street, Suite 1B
Chicago, Illinois 60607
312.964.5051 Telephone
312.803.1667 Facsimile
graham@muddlaw.com
docket@muddlaw.com

## SERVICE LIST

Means by which to communicate with Defendants is as yet unknown.