**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DR. DAVID SHIFRIN, | ) | |
| DR. K. SHEILA SHIFRIN, | ) | |
| THE SHIFRIN GROUP, LLC, | ) | Honorable Manish S. Shah |
| THE D.A.S. GROUP, LLC, | ) | |
| CHICAGO COSMETIC SURGERY | ) | |
| INSTITUTE LLC, | ) | Magistrate Judge Gabriel A. Fuentes |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No: 1:20-cv-05932 |
| | ) | |
| JOHN DOES 1-78, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' COURT ORDERED MEMORANDUM REGARDING JURISDICTION
IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO
CONDUCT LIMITED, EXPEDITED DISCOVERY AND
FOR PRESERVATION OF ELECTRONIC EVIDENCE**

NOW COME the Plaintiffs DR. DAVID SHIFRIN, DR. K. SHEILA SHIFRIN, THE

SHIFRIN GROUP, LLC, THE D.A.S. GROUP, LLC, AND CHICAGO COSMETIC

SURGERY INSTITUTE LLC (collectively "Plaintiffs"), by and through their attorneys, Mudd

Law Offices, and respectfully submit this Court Ordered Memorandum Regarding Jurisdiction In

Support of Plaintiffs' Motion for Leave to Conduct Limited, Expedited Discovery and For

Preservation of Electronic Evidence, and state as follows:

1.      After the Plaintiffs filed their Motion for Leave to Conduct Limited Expedited

Discovery and for Preservation of Electronic Evidence ("Motion for Expedited Discovery")

(ECF Dkt. #2), the Court ordered Plaintiffs to "file a memorandum explaining how they have

Article III standing to pursue a claim under 18 U.S.C. § 1030, when it does not appear that their

claim falls within the scope of injuries Congress sought to remedy in that statute. In addition to

explaining their Article III standing to pursue a § 1030 claim, plaintiffs must also explain whether they state a claim for relief under § 1030 when their computer systems were not the ones defendants allegedly accessed without authority." Order (November 5, 2020) (ECF Dkt. No. 3).

2.      Prior to addressing the Court's specific inquiry, the Plaintiffs point out that, as alleged in the Complaint, they did not rely solely on the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, for purposes of subject matter jurisdiction in this Court. Specifically, the Plaintiffs have alleged diversity jurisdiction with parties in complete diversity and damages in excess of $75,000. Compl. ¶¶ 3-9. The Plaintiffs reside and/or do business within the State of Illinois. Id. ¶¶ 3-7. The Plaintiffs have also alleged the Defendants reside outside Illinois.[1]   For this reason, the Plaintiffs allege that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 "as the Plaintiffs and, upon information and belief, the Defendants are citizens of different states and (b) the amount in controversy exceeds $75,000." Id. ¶ 9. Therefore, apart from 18 U.S.C. § 1030, this Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332.

3.      Regarding the Court's request for a memorandum on the Plaintiffs' Article III standing under 18 U.S.C. § 1030, the CFAA provides that "**[a]ny person who suffers damage or loss** by reason of a violation of this section may maintain a civil action against the violator . . . ." 18 U.S.C. § 1030(g) (emphasis added). Thus, if the Plaintiffs have suffered damages or losses

---

[1] The Plaintiffs support this allegation by assessing the geographic location, where possible, associated with the Defendants' reviews. None of the reviews specify a location within the State of Illinois. The Yelp reviews all identified jurisdictions other than the State of Illinois. As to the Google reviews, they do not identify a geographic location. Based on the foregoing, the Plaintiffs are comfortable alleging that, upon information and belief, the Defendants are citizens of states other than the United States. Should the Court wish the Complaint to be amended to supplement the allegation in Paragraph 8, the Plaintiffs would be amenable to doing so. At the very minimum, expedited discovery should be permitted to identify the defendants. Should any be citizens of the State of Illinois, the Plaintiffs acknowledge complete diversity would not exist.

by reason of a violation of § 1030, the Plaintiffs may bring a claim pursuant to § 1030. By the clear language of the statute, this holds whether or not the Plaintiffs' computers are those that have been accessed without authorization. Id.

4.    Indeed, the CFAA applies when a plaintiff has suffered damages and/or losses sustained when a defendant accesses the system of a third-party without authorization. As this Court stated in Hill v. Lynn,

> The statute explicitly defines "computer" as "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device." 18 U.S.C. § 1030(e)(1) (emphases added). This definition clearly includes not only physical computers, but also online data storage facilities—like GitHub—operating in conjunction with what is ordinarily thought of as a computer. Consistent with the plain language of the statute, most courts hold that **unauthorized access to web-based accounts can form the basis of a CFAA violation**, even if the defendant had permission to use the physical computer in question.

Hill v. Lynn, No. 17 C 06318, 2018 U.S. Dist. LEXIS 98197,[2] **6-7 (N.D. Ill. June 12, 2018) (emphasis added) (citing by way of example Estes Forwarding Worldwide LLC v. Cuellar, 239 F. Supp. 3d 918, 921, 926-27 (E.D. Va. 2017) (plaintiff sufficiently pled access to a "protected computer" when it alleged that defendant accessed a confidential Google Drive); Brown Jordan Int'l, Inc. v. Carmicle, 2016 U.S. Dist. LEXIS 25879, *3, *40-41 (S.D. Fla. Mar. 2, 2016) (liability when defendant accessed fellow employees' email accounts through a web portal from his personal iPad)).[3]

5.    Based on the foregoing, any plaintiff who suffers damages or loss by reason of a

---

[2] All lexis cited authority has been attached hereto as part of Exhibit A.

[3] Moreover, though not necessary, an argument can be made that the Plaintiffs' portion of the third-party servers had been accessed without authorization. For, the Defendants posted content to the Plaintiffs' accounts hosted on such servers. Comp. ¶¶ 69-83.

violation of § 1030 may bring a claim whether or not the unauthorized access occurred directly

with respect to a computers owned by a plaintiff.  See id.  And, therefore, the Plaintiffs have

addressed the Court's second concern.  See id.

6.     As to the Court's first concern, the Plaintiffs also maintain that their injuries

constitute those permitted pursuant to the CFAA.  Under § 1030, a plaintiff must allege damages

or loss arising from a violation of one of the substantive provisions set forth in § 1030(a) and

conduct involving one of the factors of harm set forth in § 1030(c)(4)(A)(i)(I)-(VI)." Motorola,

Inc. v. Lemko Corp., 609 F. Supp. 2d 760, 765 (N.D. Ill. 2009). For violations of §§

1030(a)(2)(C) and 1030(a)(4), either damage or loss needs to be alleged, not both. Id. at 766; 18

U.S.C. § 1030(a)(2)(C) and (a)(4).

7.     The term loss means "any reasonable costs to any victim, including the cost of

responding to an offense, conducting a damage assessment, and restoring the data, program,

system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or

other consequential damages incurred because of interruption of service." 18 U.S.C. §

1030(e)(11). "Courts in this district have found that to adequately plead a loss under the CFAA,

it is the plaintiff's burden to allege that a defendant's action caused losses over $5,000 in a one-

year period, relating to damages and security assessments." Segerdahl Corp. v. Ferruzza, No. 17-

cv-3015, 2019 U.S. Dist. LEXIS 492, *10-12 (N.D. Ill. January 2, 2019) (citing Patrick Patterson

Custom Homes, Inc. v. Bach, 586 F. Supp. 2d 1026, 1036 (N. D. Ill. 2008) (finding that expenses

related to assess and repair computer files are compensable "because they are a 'cost of

investigating or remedying damage to a computer, or cost incurred because the computer's

service was interrupted.'")).

4

8.     Here, Plaintiffs have incurred substantial losses due to Defendants' violations of the CFAA. Specifically, the Plaintiffs dedicated significant resources including, but not limited to, employee time for purposes of monitoring the website operated by Yelp, Inc. (commonly referred to as "Yelp") and the website operated by Google, LLC (commonly referred to as "Google") and other review and social media websites to report existing and subsequent fake reviews.  Compl. at ¶116.

9.     "[W]asted or diverted employee time falls squarely under the CFAA's definition of loss." Svanaco, Inc. v. Brand, 417 F. Supp. 3d 1042, 1059 (N.D. Ill. 2019) (citing by way of example Facebook, Inc. v. Power Ventures, Inc., 844 F.3d 1058, 1066 (9th Cir. 2016) ("It is undisputed that Facebook employees spent many hours, totaling more than $5,000 in costs, analyzing, investigating, and responding to [defendant]'s actions. Accordingly, Facebook suffered a loss under the CFAA."); United States v. Millot, 433 F.3d 1057, 1061 (8th Cir. 2006) (holding that salaried employees' time qualifies as a loss under the CFAA because "the hours spent by [employees] addressing the issues caused by [defendant]'s unauthorized intrusion could have been spent on other duties under the contract").

10.     By spending time remedying the damage caused by the fake reviews on the review websites, the employees were unable to perform their regular duties, resulting in the loss of over eighty (80) hours, or $5,120.00 worth of paid labor, to monitor and correct Yelp, Google, and other review and social media websites. Compl. ¶¶117-121. Svanaco, Inc., 417 F. Supp. 3d at 1059.

11.     Additionally, during its lengthy review process, Yelp disabled the posting of any content to Dr. David Shifrin's business Yelp Page thereby making the Yelp Page inaccessible. Compl. ¶122. During this time, Dr. David Shifrin and his businesses could not counteract the

harmful effect of the Defendants' fake reviews. Id. ¶¶122-123. The Plaintiffs could neither respond to each fake review with commentary indicating it to be fake nor could satisfied customers post positive reviews that would have raised the overall rating for the Plaintiffs. Id. As set out in the Complaint in compliance with the statute, the Plaintiffs suffered damages and loss by reason of these violations in excess of $5,000.00 aggregated over a one-year period. Id. ¶124.

12.     The Plaintiffs' inability to access its review page data combined with the time and money spent attempting to remedy the damage to and restore the integrity of their online review pages to eliminate fake reviews constitutes precisely the kind of loss and damage 18 U.S.C. § 1030 is meant to address. Hill, 2018 U.S. Dist. LEXIS 98197 at*6-7 (inability to access deleted code on company GitHub account); Svanaco, Inc., 417 F. Supp. at 1059 (employee time spent addressing attack); Facebook, Inc., 844 F.3d at 1066 (employee time analyzing, investigating, and responding to [defendant]'s actions."); Millot, 433 F.3d at 1061 (holding that salaried employees' time spent addressing intrusion qualifies as a loss under the CFAA); Patrick Patterson Custom Homes, Inc., 586 F. Supp. 2d at 1036 (holding "[t]he alleged losses in this case result from the impairment or unavailability of data on the computer and are thus compensable pursuant to the plain language of the statute."). Thus, the Plaintiffs have addressed the Court's first concern.

13.     By way of this Memorandum, Plaintiffs have sufficiently shown that they have plead claims which fall within the jurisdiction of this Court pursuant to both 28 U.S.C. §1332 based on diversity and 28 U.S.C. §1331 based on federal question jurisdiction.

WHEREFORE, the Plaintiffs respectfully request that this Court grant its previously filed Motion for Expedited Discovery and enter an order providing that:

(1) The Plaintiffs are allowed to proceed with limited, expedited discovery by issuing subpoenas to third parties likely to possess information tending to identify the Defendants for purposes of seeking such information from such third parties;

(2) Any individual or entity subpoenaed shall:

    a. Comply with the subpoena;

    b. Preserve any and all responsive evidence and information sought by the subpoena; and,

    c. Provide notice to the Plaintiffs' counsel that the responsive evidence and information has been preserved; and

(3) Any information disclosed to the Plaintiffs in response to the subpoenas may be used by the Plaintiffs solely for the purpose of protecting the Plaintiffs' rights under the claims enumerated in the Complaint or any future amended complaint in this action.

(4) Any subpoena issued pursuant to this order shall be deemed an appropriate court order under 47 U.S.C. § 551.

Dated:    Chicago, Illinois           PLAINTIFFS
            November 25, 2020      DR. DAVID SHIFRIN,
                                  DR. K. SHEILA SHIFRIN,
                                  THE SHIFRIN GROUP, LLC,
                                  THE D.A.S. GROUP, LLC,
                                  CHICAGO COSMETIC SURGERY
                                  INSTITUTE LLC,

                                  /s/ Charles Lee Mudd Jr.
                                  By: One of Their Attorneys
                                  Charles Lee Mudd Jr.
                                  Mudd Law Offices
                                  411 South Sangamon Street
                                  Suite 1B
                                  Chicago, Illinois 60607
                                  Illinois Bar No.: 6257957
                                  clm@muddlaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I, Charles Lee Mudd Jr., do hereby certify that service of this **PLAINTIFFS' MEMORANDUM REGARDING JURISDICTION IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT LIMITED, EXPEDITED DISCOVERY AND FOR PRESERVATION OF ELECTRONIC EVIDENCE** shall be accomplished pursuant to Electronic Case Filing ("ECF") as to ECF Users and shall be sent as indicated to any non-ECF parties listed in the service list below all on the 25th day of November 2020.

/s/ Charles Lee Mudd Jr.
By: One of Their Attorneys
Charles Lee Mudd Jr.
Mudd Law Offices
411 South Sangamon Street
Suite 1B
Chicago, Illinois 60607
Illinois Bar No.: 6257957
clm@muddlaw.com
docket@muddlaw.com

<u>**SERVICE LIST**</u>

No defendants have yet filed appearances.