## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
### Eastern Division

David Shifrin, et al.

                          Plaintiff,

v.                                             Case No.: 1:20−cv−05932
                                                           Honorable Manish S. Shah

John Does 1−78

                          Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, December 28, 2020:

      MINUTE entry before the Honorable Manish S. Shah: Plaintiffs' motion for leave to conduct early discovery [2] is denied. Subject−matter jurisdiction over the complaint depends on the existence of a federal claim, because plaintiffs' allegations of diversity jurisdiction are insufficient. An allegation that defendants "upon information and belief, reside outside the State of Illinois," [1] para. 8, is not enough to plead diversity jurisdiction. See Dalton v. Teva N. Am., 891 F.3d 687, 690 (7th Cir. 2018) ("[A] complaint may not merely allege diversity of citizenship without identifying the defendants' states of citizenship... and it is difficult to perceive any material difference between that practice and the bare assertion that the defendants are citizens of 'another state different from the Plaintiff.' "); Hammes v. AAMCO Transmissions, Inc., 33 F.3d 774, 778 (7th Cir. 1994) ("In a diversity case... it is not enough for the plaintiff to allege that the claim is within the diversity jurisdiction; the complaint must allege the citizenship of the parties and the amount in controversy."). The court is not persuaded that plaintiffs plead a plausible claim under Section 1030. The complaint does not allege that that the Does targeted Yelp or Google services belonging to plaintiffs, and unlike the cases cited by plaintiffs in their memorandum, what is alleged is not a disruption of a third−party computer that disabled or damaged an account belonging to plaintiffs. The complaint does not plead that damage, as defined under Section 1030(e)(8), to plaintiffs' data or information housed on third−party servers occurred. And the "loss" claimed does not relate to assessing damage because of an interruption of service or impaired data. So while plaintiffs may have suffered an Article III injury, the court is not persuaded that they state a federal claim. Without a federal claim, there is no good cause to conduct early discovery, because this court's subpoena power should not be used in aid of a complaint that does not state a claim. The court is inclined to dismiss the complaint without prejudice for failure to state a claim under Section 1030 and release the state−law claims without prejudice. See 28 USC sec. 1367(c)(3). Plaintiffs have leave to file an amended complaint or a motion to reconsider this order by 1/19/21, or they may opt to pursue the Does in state court. If plaintiffs elect to file in state court, they should file a status report in this case by 1/19/21 and the court will close this case. Notices mailed. (psm, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.